56 F.3d 74
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Nathaniel JOHNSON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Abron Marcus BUCHANAN, Defendant-Appellant.
 Nos. 94-10260, 94-10261.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 10, 1995.
Decided May 22, 1995.
 
 1
 Before: CUMMINGS*, SCHROEDER, and RYMER, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Nathaniel Johnson and Abron Marcus Buchanan appeal their convictions for conspiring, 18 U.S.C. Sec. 371, and aiding and abetting armed bank robbery, 18 U.S.C. Sec. 2113(d) and Sec. 2. They both contend that there is insufficient evidence to support their convictions, that the district court erred in denying their motions for mistrial, and that the prosecutor committed misconduct during closing argument. Johnson also argues that his arrest was not supported by probable cause, and that the district court improperly imposed a two-level sentencing enhancement for obstruction of justice. Buchanan also argues that his right to confront his accusers was violated. We have jurisdiction, 28 U.S.C. Sec. 1291, and we affirm.
 
 
 4
 * Johnson and Buchanan contend that there was insufficient evidence to support their convictions for conspiring to commit armed bank robbery and, for Buchanan, committing armed bank robbery and aiding and abetting armed bank robbery. In the alternative, they argue that the district court erred in denying their motion for acquittal based on the same argument.
 
 
 5
 We review a motion for acquittal based on insufficiency of the evidence under the same standard employed by the district court: whether "'reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."' United States v. Bishop, 959 F.2d 820, 829 (9th Cir. 1992) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 
 
 6
 There was evidence that Johnson and Buchanan fit the description of the armed robbers--black males, one six foot two and one half inches, and the other six foot one inches; they were apprehended with the bank's money and B-pack shortly after the robbery and nearby; and they displayed consciousness of guilt--Johnson lied to the police officers about his presence in the car, and Buchanan hid and then ran from the police. From this, a reasonable jury could conclude that Buchanan and Johnson were the men who robbed the bank. Because the robbers acted in concert and planned their crime, a reasonable jury could conclude that they were conspirators. Thus a reasonable jury could have found Johnson and Buchanan guilty of armed bank robbery and of aiding and abetting and conspiracy to commit armed bank robbery.
 
 
 7
 Johnson argues that his case is similar to United States v. Abraham, 617 F.2d 187 (9th Cir. 1980), in which we held insufficient evidence that 25 minutes after the bank robbery Abraham was a passenger in the vehicle used in the robbery; he fled from the police; and he lied to them when captured. Abraham differs in that no witnesses to the robbery or getaway could identify the defendant, and no money or other physical evidence from the robbery was found in the car in which Abraham was a passenger. In contrast, Buchanan and Johnson closely match the heights of the videotaped robbers, were found in possession of the bank's money and B-pack, and were surveilled in the green car within ten minutes of the getaway.
 
 
 8
 Buchanan relies on United States v. Silverman, 861 F.2d 571, 579-82 (9th Cir. 1988) to suggest that no inference of guilt from flight should be drawn because there were outstanding, unrelated warrants for his arrest. However, as Silverman recognizes, "[e]vidence that a defendant fled immediately after a crime was committed supports an inference that the flight was motivated by a consciousness of guilt of that crime." Id. at 582 n.4. Here, only minutes elapsed between the bank robbery and Buchanan's flight, and Buchanan was found with the proceeds of the robbery. This is sufficient to show that Buchanan's flight was motivated by the robbery.
 
 
 9
 Johnson and Buchanan argue that under United States v. Dinkane, 17 F.3d 1192 (9th Cir. 1994), their convictions for armed bank robbery must be overturned because there is no evidence that they knew the robbery would be perpetrated with firearms. In contrast with Dinkane, there was evidence that Johnson and Buchanan were the armed bank robbers, and that it was Lang who drove the car. Buchanan and Johnson match nearly perfectly the recorded heights of the armed robbers--six foot one inches, and six foot two and a half inches--whereas Lang is only five feet ten inches in shoes. Their argument that they did not know the robbers were armed must therefore fail.
 
 II
 
 10
 Johnson and Buchanan argue that the district court should have granted a mistrial because the prosecutor failed to turn over an exculpatory statement of a witness as required by Brady v. Maryland. As the district court's finding that the government had not suppressed exculpatory evidence is supported by the record, denying the motions for mistrial was not an abuse of discretion. United States v. Marsh, 894 F.2d 1035, 1040 (9th Cir. 1989), cert. denied, 493 U.S. 1083 (1990) (refusal to grant mistrial reviewed for abuse of discretion.)
 
 III
 
 11
 Buchanan and Johnson argue that the government's closing argument improperly shifted the burden of proof by suggesting that the defendants could have called the co-pilot if they thought any of Passer's information would be helpful. However, as in United States v. Williams, 990 F.2d 507, 510 (9th Cir.), cert. denied, 114 S.Ct. 333 (1993), "[b]ecause the defense counsel 'opened the door' to the issue of the uncalled witness, the prosecutor's reply was permissible."
 
 IV
 
 12
 Johnson argues that his arrest was made without probable cause, and that consequently his false statements to the police should have been suppressed. We review de novo the trial court's determination that there was probable cause for an arrest.
 
 
 13
 Johnson was apprehended shortly after the robbery in the car that contained the bank's money and B-pack transmitter; Johnson fits the broadcast description of the robbers; and the helicopter monitoring the car saw no one enter it after its surveillance began. That is enough to establish probable cause.
 
 V
 
 14
 Johnson contends that the district court improperly imposed a two-level sentencing enhancement for obstruction of justice based on Johnson's grand jury testimony that he did not enter the green car until it parked on Adams street. Relying on Lang's testimony that Lang had picked up Johnson before he parked the green car on Adams, and the testimony of the police helicopter pilot that he continuously observed the green car in motion and when parked and saw no one enter it, the district court found that Johnson's grand jury testimony was material, false, and intentionally so. The district court's findings are not clearly erroneous. Consequently, the enhancement was proper.
 
 VI
 
 15
 Buchanan argues that the introduction of Johnson's post-Miranda statements violated the Confrontation Clause under Bruton v. United States, 391 U.S. 123 (1968), because Buchanan could not cross examine Johnson, who exercised his right not to testify at trial. In Richardson v. Marsh, 481 U.S. 200 (1987), the Court made clear that not all incriminating statements by co-defendants can constitute Bruton violations. "In Bruton ... we recognized a narrow exception to this principle: We held that a defendant is deprived of his Sixth Amendment right of confrontation when the facially incriminating confession of a nontestifying codefendant is introduced at their joint trial." Id. at 207 (emphasis added). There was no Bruton violation here: Johnson's statement was not a confession but rather exculpatory; and his statement was not facially incriminating of Buchanan either.
 
 
 16
 AFFIRMED.
 
 
 
 *
 Honorable Walter J. Cummings, United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3